483 P.2d 585

Doyle LUCY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Acme Steel Company, Respondent Employer,

Aetna Casualty & Surety Company, Respondent Carrier.

No. 1 CA–IC 470.

Court of Appeals of Arizona, Division 1, Department A.

April 8, 1971.

Miller & Haggerty, by Philip M. Haggerty, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for respondent employer and carrier.

DONOFRIO, Judge.

The issue presented to the Court is whether or not the Commission had jurisdiction to enter its "Decision upon Hearing and Findings and Award" dated April 2, 1970. In addition, petitioner raises the issue of whether or not the average monthly wage was correctly determined.

The petitioner was injured by a blow to the abdomen which caused a preexisting ulcer to perforate. The accident occurred in August 1967. The petitioner received medical benefits and surgery, and his case was closed with a temporary disability award on January 29, 1968. On April 22, 1968, petitioner filed his petition for re-opening of his claim. A hearing was held on October 24, 1969, at which time Robert L. Sommerville, M.D., testified that the petitioner had a continuing general physical functional disability equal to 50 to 75%. The doctor's testimony was unequivocal

and related with definiteness the causal relationship between the industrial accident and the injury and disability. A referee's report was issued on October 28, 1969, recommending to the Commission that an award be issued with a thirty-day clause finding that the petitioner was suffering from a disability resulting from the industrial episode, and that the average monthly wage be set at $735.46. This referee's report was approved by four of the Commissioners whose signatures appear upon the notice of Commission action form. However, the award that was issued on December 24, 1969, which is signed by three of the same Commissioners, was typographically incorrect in that Finding No. 8 reads that "the medical evidence reflects that said applicant has no physical or mental disability resulting from said accident." Within 20 days of the issuance of this award the Commission, evidently on its own motion, issued a second decision upon hearing and findings and award dated January 8, 1970, which complied with the referee's report in the finding of facts and the award, that is, that the petitioner did suffer a continuing disability as the result of the accident. This award is in accordance with the weight of the evidence presented to the Commission, and the Court so finds.

There follows in the file correspondence from the Respondent Insurance Carrier's attorney indicating an intent to protest the January 8, 1970 award. The letter was dated January 14, 1970. We have examined this letter and find that it does not contain an actual protest which would extend by 20 days the time for filing a motion for rehearing. Under these circumstances, the January 8, 1970 award became final. On February 19, 1970, the same referee filed an amended report recommending that both the award of December 24, 1969, and of January 8, 1970, be rescinded, with a thirty-day clause. Based on this recommendation a third award was issued on April 2, 1970, which is the award complained of in this matter.

The Commission was without jurisdiction on the 19th of February, 1970, and therefore the referee's amended report and the third award which it provoked are void.

The award of January 8, 1970, became final without protest by the respondent, and the determination of average monthly wage is res judicata.

The award is set aside.

STEVENS, P. J., and CASE, J., concur.